IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **REGINALD A. BENION, AIS # 127893,** : | |
| Plaintiff, : | |
| vs. : | **CIVIL ACTION 11-0272-WS-C** |
| **DEBRA TONEY,** *et al.,* : | |
| Defendants. : | |

## REPORT AND RECOMMENDATION

Plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed an action under 42 U.S.C. § 1983, which was referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). This action is now before the Court for screening pursuant tor 28 U.S.C. § 1915(e)(2)(B). After careful review, it is recommended that this action be dismissed without prejudice, prior to service of process, as moot.

In plaintiff's superseding Court-ordered amended complaint,[1] he asserts claims that arose while he was incarcerated at Atmore Work Release Center ("Atmore"). (Doc. 5 at 4). The

---

[1] Plaintiff's initial pleading in this action was a petition for preliminary injunction and motion for temporary restraining order which was signed by five inmates. (Doc. 1). Only plaintiff sought to proceed *in forma pauperis.* (Doc. 2). Inasmuch as the $350 filing fee was not paid at the time of filing and only plaintiff sought to proceed *in forma pauperis*, plaintiff was deemed by the Court to be the sole plaintiff to this action. *Hubbard v. Haley,* 262 F.3d 1194, 1198 (11th Cir. 2001) (approving the dismissal of a multi-plaintiff ifp action and of the order requiring each inmate to file his own complaint and ifp for a separate action, and noting that the (Continued)

claims concern tampering with legal mail, denying or hindering access to courts, overcrowding, understaffing, an unsanitary kitchen and bathroom, a septic tank sitting the middle of the prison, and lack of rehabilitation opportunities. (*Id.* at 4). The relief that he seeks in regard to these conditions is injunctive and declaratory relief. (*Id.* at 7). Since filing the amended complaint, plaintiff has notified the Court that he has been transferred to Loxley Work Release Center ("Loxley"). (Doc. 8). The Court checked with the Alabama Department of Corrections and verified that plaintiff is still incarcerated at Loxley.

Plaintiff's transfer to Loxley away from the conditions at Atmore about which he complains and his request for declaratory and injunctive relief control the disposition of this action. "'Absent class certification, an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred.'" *Spears v. Thigpen,* 846 F.2d 1327, 1328 (11th Cir.) (quoting *Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985)), *cert. denied*, 488 U.S. 1046 (1989); *see Hathcock v. Cohen*, 287 F. App'x 793, 799 (11th Cir. July 23, 2008) (unpublished) (relying on *Spears* to find that the inmate's claims for injunctive or declaratory relief were moot).² "Past exposure to illegal

---

statute requires that each prisoner who files an action will be responsible for payment of the $350 filing fee), *cert. denied,* 534 U.S. 1136 (2002).

Furthermore, the initial pleading for petition for preliminary injuction and motion for temporary restraining order (Doc. 1) was effectively **DENIED** by the Court's order entered August 1, 2011 requiring that a superseding amended complaint be filed. (Doc.3). Notwithstanding the Court's previous order, by the entry of this report and recommendation, the intitial pleading is **DENIED** as moot.

² "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

conduct does not constitute a present case or controversy involving injunctive relief[.]" *Wahl*, 773 F.2d at 1173.

In *Spears*, *supra*, an Alabama prison inmate complained about West Jefferson's administrative segregation's conditions of confinement. After filing his complaint, the inmate was transferred from West Jefferson to another facility. As a result, the inmate's claims for injunctive and declaratory relief were found to be moot because he was no longer subject to the conditions at West Jefferson about which he complained. *Id.*

Because plaintiff is no longer incarcerated at Atmore, he is not subject to the conditions of confinement about which he complains. Accordingly, plaintiff's action is moot, and it is recommended that plaintiff's action be dismissed without prejudice.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this 24th day of February, 2012.

                                 _s/WILLIAM E. CASSADY_____
                                 UNITED STATES MAGISTRATE JUDGE

### MAGISTRATJUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

l.    **Objection**.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within

ten days[3] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.   **Transcript (applicable Where Proceedings Tape Recorded)**. Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).